UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN THE MATTER OF

Jan Elizabeth Van Dusen - #142700

Case No. 14-mc-80286-JD

**ORDER OF SUSPENSION**

The Court has reviewed and considered Jan Elizabeth Van Dusen's response to the Court's Order to Show Cause. That prior order was based on the Court's receipt of notice that Ms. Van Dusen had been suspended by the State Bar Court following a criminal conviction effective September 12, 2014. The Court consequently suspended Ms. Van Dusen on an interim basis, and provided her with an opportunity, pursuant to Civil Local Rule 11-7(b)(1), to show cause why a suspension order should not be entered.

Ms. Van Dusen's response is largely devoted to attacking her underlying criminal conviction for felony animal neglect in the Alameda County Superior Court. These attacks are not properly directed to this Court for the reasons detailed below.

Ms. Van Dusen's response also lodges two objections regarding the Court's disciplinary procedures -- she argues that the Court's "reciprocal discipline" is not truly "reciprocal" in two different ways. The Court finds that neither of these objections can be sustained. First, Ms. Van Dusen complains that the Court is "proceeding to final suspension" even though "[t]he OSC accurately states that [she] has been placed on interim suspension by the State Bar of California ('State Bar') due to a felony conviction." Dkt. No. 2 at 1. But this argument contains a critical error. What the OSC accurately stated is that she has been "suspended" by the State Bar, *not* that she has been placed "on interim suspension" by the State Bar. See Dkt. No. 1.

Indeed, Ms. Van Dusen herself appears to acknowledge that her suspension by the State Bar is indefinite in nature and cannot accurately be characterized as "interim" at this point in time, although it appears to be her hope that it will turn out that way. *See, e.g.*, Dkt. No. 2 at 2 ("Regardless of whether Respondent's conviction is overturned on appeal, it is unlikely to result in more than a 120-day suspension from the State Bar"); *id.* (Ms. Van Dusen's "interim suspension will likely be vacated by the State Bar" as soon as she obtains a copy of her trial transcript and files a new motion to vacate). The Court consequently disagrees with the factual premise of Ms. Van Dusen's response. As the Court's Order to Show Cause stated, it appears Ms. Van Dusen was indeed suspended by the State Bar, not on an interim basis, but indefinitely.

The Court does note, however, that Ms. Van Dusen is correct in that even if her State Bar suspension had been on an "interim" basis, the Court's Civil Local Rules would provide for an order of indefinite suspension, pending the attorney being granted reinstatement after filing a petition for admission and paying the admission fee. *See* Civil Local Rules 11-7(b). But the Court's Civil Local Rules were promulgated pursuant to 28 U.S.C. § 2071 and Federal Rule of Civil Procedure 83, *see* Civil Local Rule 1-2(a); this is not the proper mechanism for challenging them; and this Court is bound by those rules.

Speaking of those rules, Ms. Van Dusen's response does not meet the requirements of Civil Local Rule 11-7(b)(2), which states that the procedure set forth therein is not to be used to "relitigate a felony conviction" in any event. *See also In re Kramer*, 282 F.3d 721 (9th Cir. 2002) (in a case "about reciprocal discipline . . . an attorney's misconduct has already been adjudicated by another court or disciplinary agency. Thus, a court seeking to impose reciprocal discipline engages in a function far different from a court seeking to impose discipline in the first instance."). Ms. Van Dusen's response does seek mainly to relitigate her felony conviction, and the Court disregards those arguments. Because the remainder of Ms. Van Dusen's response does not state the type of facts required by Civil Local Rule 11-7(b)(2) (nor has Ms. Van Dusen lodged a "certified copy of the entire record from the other jurisdiction" or carried her burden of persuading the Court that the entire record is not needed), the Court does not discharge its prior Order to Show Cause. Instead, it suspends Ms. Van Dusen's membership in the bar of this Court.

Ms. Van Dusen's second objection to the Court's reciprocal disciplinary procedures has to do with the procedure for re-admission to this Court. She argues that "when the State Bar vacates its interim suspension, this Court should do likewise" without need for reapplication. Dkt. No. 2 at 2. Putting aside the fact that her State Bar suspension is not "interim," the Court notes again that this OSC proceeding is not a proper procedural mechanism through which Ms. Van Dusen can seek a special exception from the requirements of the Court's Civil Local Rules. Rule 11-7(b)(3) states that a suspended attorney "may seek reinstatement upon completion of the period of suspension . . . by filing a petition for admission with the Clerk as provided in Civil L.R. 11-1(c) and paying the admission fee in accordance with 11-1(d)." It further notes that "[a]n attorney disbarred by reason of a felony conviction may not petition for reinstatement until at least one year after entry of the disbarment order." If Ms. Van Dusen wishes to seek reinstatement after her state suspension has been lifted, she will need to follow the procedures set forth in this rule.

**IT IS SO ORDERED.**

Dated: November 14, 2014

_____
JAMES DONATO
United States District Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN THE MATTER OF JAN ELIZABETH VAN DUSEN - #1,<br><br>Plaintiffs,<br><br>v.<br><br>JAN ELIZABETH VAN DUSEN,<br><br>Defendant. | Case No. 14-mc-80286-JD<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 11/14/2014, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jan Elizabeth Van Dusen
Law Office of Jan Van Dusen
2340 Powell Street, Suite 293
Emeryville, CA 94608

Dated: 11/14/2014

Richard W. Wieking
Clerk, United States District Court

By: /s/ Lisa R. Clark
LISA R. CLARK, Deputy Clerk to the
Honorable JAMES DONATO